Filed 8/31/20  P. v. Turner CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DAREN TYRONE TURNER, <br><br> Defendant and Appellant. | D075569 <br><br><br> (Super. Ct. No. SCD277197 ) |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Appeal dismissed.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters and Julie L. Garland, Assistant Attorneys General, Steve Oetting and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

At the conclusion of his sentencing hearing, Daren Tyrone Turner's attorney stated Turner would waive his presence at any future restitution hearing.  The trial court accepted the waiver.  On appeal, Turner denies he waived his right to attend future restitution hearings, contends any such

waiver violated his statutory and constitutional rights, and maintains he was prejudiced by the court's acceptance of the waiver. He further contends "[t]he matter must be remanded with an order entered permitting [him] to attend future restitution hearings unless he executes a knowing, intelligent, and voluntary waiver of his right to do so."

The People contend the issue is not ripe for appellate review because there is no guarantee that an additional restitution hearing will ever occur outside of Turner's presence. They assert, "there was no error because the record suggests he made a knowing and intelligent waiver of his presence at future restitution hearings." We conclude the issue is not ripe for review and dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND[1]

Turner pleaded guilty to residential burglary of six inhabited dwellings (Pen. Code,[2] §§ 459, 460, subd. (a)) while on parole from state prison (§ 1203.085, subd. (b)). He admitted he had suffered a strike prior (§§ 667, subds. (b)-(i), 1170.12, 668) and a serious felony prior (§§ 667, subd. (a)(1), 668, 1192.7, subd.(c)) within the meaning of the "Three Strikes" law.

Since May 2017, there were in excess of 40 residential burglaries throughout San Diego County, focused mainly in the city of Poway but extending to Rancho Santa Fe, Encinitas, Del Mar, and Vista. In the majority of the burglaries, the same modus operandi had been used. Turner and codefendants were identified as the main suspects.

---

[1] Because Turner pleaded to the charges, and the underlying facts are not necessary for our resolution of this appeal, we simply use the probation report's brief summary of the facts regarding Turner's crime spree with his accomplices.

[2] All designated statutory references are to the Penal Code.

Before Turner's sentencing hearing, the People submitted a "statement in aggravation" identifying the victims' losses at over $150,000. At the hearing, in seeking leniency for Turner, his attorney stated: "Although [] [Turner's] statements to probation did not express the remorse that are [*sic*] justified here, I have noticed a change in him, specifically, he's not asking to contest any of the restitution. He does want to, does want the victims to be made whole and understands that that is his responsibility."

The trial court sentenced Turner to 22 years 4 months in state prison. It ordered joint and several victim restitution of $272,837.49 for five of the victims, and reserved jurisdiction regarding the sixth victim's restitution. In Turner's presence, the court asked Turner's counsel, "With regard to that final restitution or any further restitution in this case, does your client waive his appearance for hearing or does he want to be present?" Counsel replied, "He waives." The court responded, "Okay. We will enter a [section] 977 [waiver] for purposes of victim restitution." The minute order states, "[Penal Code section] 977 waiver for any future hearing." Turner never objected to this assertion of waiver. The record does not reflect any further restitution hearing has taken place.

## DISCUSSION

We conclude Turner's claim is not ripe for appellate review. "The ripeness requirement, a branch of the doctrine of justiciability, prevents courts from issuing purely advisory opinions. [Citation.] It is rooted in the fundamental concept that the proper role of the judiciary does not extend to the resolution of abstract differences of legal opinion. It is in part designed to regulate the workload of courts by preventing judicial consideration of lawsuits that seek only to obtain general guidance, rather than to resolve specific legal disputes. However, the ripeness doctrine is primarily bottomed

3

on the recognition that judicial decisionmaking is best conducted in the context of an actual set of facts so that the issues will be framed with sufficient definiteness to enable the court to make a decree finally disposing of the controversy." (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170.) In other words, a controversy is not ripe until " ' "the facts have sufficiently congealed to permit an intelligent and useful decision to be made." ' " (*People v. Garcia* (2018) 30 Cal.App.5th 316, 328-329 [refused to address constitutionality of section 3051 because it was only relevant if juvenile was transferred to adult court and sentenced, and hence, the issue was not ripe for review].)

"In determining whether a controversy is ripe, we use a two-pronged test: (1) whether the dispute is sufficiently concrete to make declaratory relief appropriate; and (2) whether the withholding of judicial consideration will result in a hardship to the parties. [Citation.] Under the first prong, the courts will decline to adjudicate a dispute if 'the abstract posture of [the] proceeding makes it difficult to evaluate . . . the issues' [citation], if the court is asked to speculate on the resolution of hypothetical situations [citation], or if the case presents a 'contrived inquiry' [citation]. Under the second prong, the courts will not intervene merely to settle a difference of opinion; there must be an imminent and significant hardship inherent in further delay." (*Farm Sanctuary, Inc. v. Department of Food & Agriculture* (1998) 63 Cal.App.4th 495, 501-502.)

To be ripe, an issue must present a "real and substantial controversy" capable of "specific relief through a decree of a conclusive character." (*Pacific Legal Foundation v. California Coastal Com., supra*, 33 Cal.3d at p. 171.) Courts should abstain from deciding issues until they are ripe, and from

4

issuing advisory opinions upon a hypothetical set of facts. (*Ibid.*) An appeal that is not ripe is not justiciable and must be dismissed. (*Id*. at p. 170.)

It is uncertain whether there will be another restitution hearing. Further, now that Turner has raised the issue of his presence at such a hearing if it occurs, his attorney can notify him and secure his presence at any such hearing. As the issues here have not " ' "sufficiently congealed to permit an intelligent and useful decision to be made" ' " (*People v. Garcia supra,* 30 Cal.App.5th at pp. 328-329), there is nothing for this court to resolve. Turner's appeal presents an issue that is not ripe for review and would require us to issue an advisory opinion. In light of this disposition, we need not address Turner's claim that he did not waive his right to attend any future restitution hearing.

DISPOSITION

The appeal is dismissed.

O'ROURKE, J.

WE CONCUR:

HALLER, Acting P. J.

GUERRERO, J.